# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MARLO COLEMAN** ) | |
| 4964 Fenwick Court ) | |
| Columbus, Ohio 43220 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. |
| **FRANKLIN COUNTY, OHIO** ) | |
| 373 South High Street, 23rd Floor ) | JUDGE |
| Columbus, Ohio 43215 ) | |
| ) | **COMPLAINT** |
| and ) | |
| ) | **JURY DEMAND ENDORSED HEREON** |
| **FRANKLIN COUNTY COURT OF** ) | |
| **COMMON PLEAS** ) | |
| 345 South High Street ) | |
| Columbus, Ohio 43215 ) | |
| ) | |
| Defendants. ) | |

Plaintiff Marlo Coleman ("Plaintiff"), by and through undersigned counsel, brings this Complaint against Defendants Franklin County, Ohio and Franklin County Court of Common Pleas ("Defendants") and alleges as follows:

## PARTIES

1. Plaintiff is an adult individual residing in Franklin County, Ohio.

2. Defendant Franklin County, Ohio is an Ohio political subdivision, and is an "employer" as defined in the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. (the "FMLA"), insofar as Franklin County, Ohio and its integrated entities employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

3. Defendant Franklin County Court of Common Pleas is an agent of Franklin County, Ohio, and is an "employer" as defined in the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. (the "FMLA"), insofar as the Franklin County Court of Common Pleas and its integrated entities employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

4. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined in the FMLA, insofar as Plaintiff was jointly employed by Defendants for at least twelve (12) months and was employed for at least 1,250 hours of service with Defendant during the relevant 12-month period(s).

## JURISDICTION AND VENUE

5. Jurisdiction in this case is based on 28 U.S.C. § 1331, insofar as this action arises under the FMLA.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), insofar as Defendant resides in this judicial district.

7. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(2), insofar as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## STATEMENT OF FACTS

8. Plaintiff was hired by Defendants as a Probation Officer in the Franklin County Court of Common Pleas Division of Domestic Relations and Juvenile Branch on or around February 4, 2019, until his termination on or around June 23, 2020.

9. One of Plaintiff's job duties as a Probation Officer was to create reports documenting communications and other interactions he had with offenders with whom Plaintiff worked.

10. Plaintiff was never trained on any formal process Defendants used to create these reports. Accordingly, when he asked co-workers about creating the report, his co-workers gave him sample reports they created so that he could use the sample report as a template to create his reports.

11. Throughout his employment, Plaintiff followed this process. Instead of creating a report from scratch, he would use a previous report as a template and customize the content based on the particular offender who was the subject of the report. Plaintiff's co-workers informed him that was the same process they used to create reports.

12. Prior to his termination, Plaintiff received positive performance evaluations, never received any formal discipline, and was never told that his reports were deficient in any way.

13. When the COVID-19 pandemic hit in early 2020, Plaintiff and other Probation Officers worked from home for a period of time.

14. In June, 2020, Plaintiff was scheduled to return to work in the office. However, around the same time he was scheduled to return to work, Plaintiff applied for a leave of absence under the FMLA to care for his child, who suffers from epilepsy.

15. Around the time that Plaintiff's FMLA leave was approved, Plaintiff's supervisor asked him if he was returning to work. Plaintiff informed his supervisor that he had been approved for a leave of absence under the FMLA.

16. Plaintiff's supervisor said she was "surprised" that Plaintiff was taking an FMLA leave, and complained that she would have to find someone to cover Plaintiff's caseload while he was out on leave.

17. A few days later, Plaintiff was called by his supervisor and one of Defendants' Human Resources representatives. During the call, Plaintiff was informed that his employment was being terminated, effective immediately.

18. The reason Plaintiff was given for his termination was that the aforementioned reports were "plagiarized."

19. Defendants' stated reason for Plaintiff's termination is false, insofar as Plaintiff did not "plagiarize" the reports. Rather, he simply used his previous reports as a template from which he would customize a report based on the particular offender who was the subject of the report – a common practice by Defendants' probation officers.

20. The real reason for Plaintiff's termination was because he exercised his rights under the FMLA, as evidenced, among other things, by Plaintiff's supervisor's stated displeasure with having to cover Plaintiff's caseload while he was on a legally-protected leave of absence.

21. As a result of Defendant's actions and inaction, Plaintiff has suffered damages.

**COUNT I**
**(Unlawful Retaliation in Violation of the FMLA)**

22. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

23. At all relevant times, Defendants were employers as defined by the FMLA, and Plaintiff was an eligible employee entitled to rights under the FMLA.

24. Plaintiff informed Defendants of his need for leave under the FMLA in June 2020 for his child's serious health condition.

25. Plaintiff's request for and use of leave for his child's serious health condition constitutes activity protected by the FMLA.

26. Plaintiff suffered an adverse employment action when Defendant terminated his employment.

27. Defendant retaliated against Plaintiff by terminating his employment for requesting and using leave under the FMLA.

28. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has suffered and will continue to suffer damages including, without limitation, the wages, salary, employment benefits, and other compensation lost by reason of Defendant's violation, plus interest, as well as liquidated damages and attorneys' fees and costs.

## COUNT II
### (Unlawful Interference with Plaintiff's FMLA Rights)

29. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

30. At all relevant times, Defendants were employers as defined by the FMLA, and Plaintiff was an eligible employee entitled to rights under the FMLA.

31. Plaintiff informed Defendants of his need for leave under the FMLA in June 2020 for his child's serious health condition.

32. Despite having this knowledge, Defendant terminated Plaintiff instead of providing him with leave.

33. Defendant's termination of Plaintiff's employment constitutes unlawful interference with, restraint, and denial of the exercise of Plaintiff's FMLA rights.

34. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has suffered and will continue to suffer damages including, without limitation, the wages, salary,

employment benefits, and other compensation lost by reason of Defendant's violation, plus interest, as well as liquidated damages and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. Awarding Plaintiff compensatory and liquidated damages for Defendant's violations of the FMLA;

2. Awarding Plaintiff his reasonable costs and attorneys' fees necessarily incurred herein; and

3. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
Christopher J. Lalak (0090079)
614 West Superior Avenue
Suite 1148
Cleveland, Ohio 44113
Telephone: 216.230.2955
Email: jmoyle@ohlaborlaw.com
clalak@ohlaborlaw.com

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims so triable.

>*/s/ Jeffrey J. Moyle*
>Jeffrey J. Moyle
>
>*One of the Attorneys for Plaintiff*